**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KINITA MOORE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-01029-SRC |
| | ) | |
| CHARLENE BROWN, | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

This matter is before the Court on [6] Defendant Charlene Brown's Motion to Dismiss for lack of subject matter jurisdiction. The Court grants the motion.

**I.    Background**

Plaintiff Kinita Moore works for the United States Postal Service. Proceeding pro se, Moore filed a "Petition for Order of Protection – Adult" in the Circuit Court of the City of St. Louis, Missouri against her USPS supervisor, Defendant Charlene Brown. Doc. 3. Moore alleges that Brown subjects her to various assaults and other inappropriate workplace behavior at USPS and seeks an injunction that would prevent Brown from approaching or communicating with her at USPS. *Id.* Moore does not seek damages. *Id.*

Brown timely removed this case to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446(a). *See* Doc. 1. Brown now moves to dismiss Moore's claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Docs. 6-7. To date, Moore has not filed a brief in opposition to Brown's Motion to Dismiss. On September 25, 2020, the Court ordered Moore to show cause, in writing, on or before October 23, 2020 why this Court should not grant Brown's Motion. Doc. 13. Moore did not file anything in response to the Order to Show Cause.

**II.     Discussion**

The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial[.]" *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

Brown asserts that the Court lacks subject matter jurisdiction because she is entitled to sovereign immunity. Doc. 7. The Court construes this as a facial attack on Moore's complaint. "A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true." *Gaylor v. GS Brentwood LLC*, No. 4:11-CV-506 CAS, 2011 WL 5079588, at *1 (E.D. Mo. Oct. 25, 2011) (citing *Titus*, 4 F.3d at 593 & n.1).

The United States government and its officers acting in their official capacities enjoy sovereign immunity unless immunity is expressly waived.[1] *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). On these facts, "[t]here are two possible sources of waiver: The Federal Tort Claims Act ("FTCA"), 62 Stat. 982 (1948), codified at 28 U.S.C. §§ 1346(b), 2671–2680, and the Postal Reorganization Act of 1970 ("PRA"), Pub. L. 91–375, 84 Stat. 722, codified at 39 U.S.C. § 101 et seq." *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014).

"[T]he FTCA applies only to suits for money damages, and thus does not operate as a waiver of immunity for a suit seeking injunctive relief." *Cubb v. Belton*, No. 4:15-CV-676-JMB,

---

[1] Moore's form petition is silent with respect to the capacity in which she sues Brown and, thus, the Court must assume that she sues Brown in her official capacity. *Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015).

2015 WL 4079077, at *5 (E.D. Mo. July 6, 2015) (citing *Hendy*, 555 F. App'x at 226).  Because Moore seeks only injunctive relief and not monetary damages, the Court finds that the FTCA does not apply to this case.

The PRA allows the USPS "to sue and be sued in its official name." 39 U.S.C. § 401(1). However, the USPS does not waive sovereign immunity under the PRA in several circumstances: "(1) for types of suits that are 'not consistent with the statutory or constitutional scheme; (2) when 'necessary to avoid grave interference with the performance of a governmental function'; or (3) for other reasons that demonstrate congressional intent to apply the 'sue and be sued' clause narrowly." *Hendy*, 555 F. App'x at 226 (quoting *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).

In this case, there is no evidence of a personal or domestic relationship between Moore and Brown.  The record reflects that all contact between Moore and Brown takes place at the Oldman Station Post Office within their employer/employee relationship.  Docs. 3 and 7 at 2-3. The injunctive relief Moore seeks would prevent Brown from approaching or communicating with her at work, thus preventing Brown from performing her official duties as a USPS supervisor.  Docs. 3 and 7.  The Court agrees with other courts in this district that have found no waiver of immunity under the PRA in similar cases because "allowing a state-law injunction to prevent a federal employee from coming to work 'is inconsistent with the principle of federal supremacy' and 'would disturb the federal agency's internal functions.'"  *Cubb*, 2015 WL 4079077, at *5 (quoting *Hendy*, 555 F. App'x at 226); *see also Haynie v. Bredenkamp*, No. 4:16-CV-773-CEJ, 2016 WL 3653957, at *2 (E.D. Mo. July 8, 2016) (finding sovereign immunity not waived where plaintiff's ex parte Adult Abuse/Stalking petition would prohibit a supervisor from coming to plaintiff's federal workplace and thus interfere with the performance of a

3

governmental function). As such, sovereign immunity bars Moore's claims.  Therefore, the Court lacks subject matter jurisdiction and must dismiss the case.

Accordingly, the Court grants [6] Defendant Charlene Brown's Motion to Dismiss. The Court denies Plaintiff Kinita Moore's [9] Motion for Hearing, [10] Motion to Appoint Counsel, and [12] Motion to Continue Restraining Order as moot.

So Ordered this 20th day of November 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**